IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KENT C. FOSTER,**

    **Petitioner,**

                                                                                   **CASE NO. 2:11-cv-00133**

**v.**                                                                      **JUDGE MICHAEL H. WATSON**

                                                                      **Magistrate Judge Kemp**

**WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,**

    **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed an "Application for an Alternative Writ for a Rule Nisi for a Lawful Determination of Petitioner's Legal Status." The Court, for reasons described below, will treat the application as a petition for a writ of habeas corpus filed under 28 U.S.C. §2254. Based on that construction, this matter is before the Court to conduct an initial screening as required by Rule 4 of the Rules Governing Section 2254 Actions in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as time-barred.

I.

Petitioner is, according to his application, currently confined at the Chillicothe Correctional Institution. Paperwork attached to his application indicates that criminal charges were brought against him in Belmont County, Ohio in 1991. He has provided the Court with a portion of a docket sheet from Case No. 91-CR-073 from Belmont County indicating that an indictment was returned in that case on May 2, 1991, charging him with multiple criminal offenses. He has not supplied any other information about the

disposition of his case.

In his application, petitioner invokes 28 U.S.C. §1651, the All Writs Act, as the basis for relief. He appears to argue that he is not in the lawful custody of the State of Ohio, for reasons not entirely clear, but apparently having to do with the fact that he does not believe that a valid judgment was ever entered in his state court criminal case. He seeks, among other relief, a declaration that he is not a "prisoner" and that the remedy of a writ of habeas corpus, which may be obtained by "a person in custody pursuant to the judgment of a State court," *see* 28 U.S.C. §2254, is not available to him. He also asks the Court "to issue a rule nisi to Respondent to produce and show the true and lawful cause of Petitioner's detention in a state institution," claiming that all of the exhibits showing that criminal proceedings occurred in Belmont County are "legal nullities." Application, Doc. #2, at 2-3.

## II.

28 U.S.C. §2244(d)(1) states in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

For the following reasons, the Court concludes that this limitations provision applies to petitioner's request for relief, and bars it because it was filed well after the limitations period expired.

In this case, the Court's research shows that petitioner was convicted in the Belmont County Court of Common Pleas in 1991 of two counts of rape, one count of gross sexual imposition, and one count of felonious sexual penetration. He was sentenced to an indefinite term of imprisonment of ten to twenty-five years on each of the rape counts and received the same sentence on the felonious sexual penetration conviction. On the final charge, he received a definite sentence of two years. All of the sentences were run consecutively. *See State v. Foster*, 1994 WL 149881 (Belmont Co. App. April 12, 1994). In the

cited decision, the state court of appeals affirmed the convictions and sentences, and it does not appear that petitioner pursued any further direct appeal.  He did file an action in prohibition in the Belmont County Court of Appeals in 2004, which was dismissed on procedural grounds, *see State ex rel. Foster v. Belmont County Court of Common Pleas*, 107 Ohio St. 3d 195 (2005), but the filing of that action has no impact on the limitations analysis, as explained below.

Because petitioner's conviction became final, for purposes of the statute of limitations, prior to April 24, 1996, the effective date of §2244(d)(1), the statute of limitations began to run on that date.  As explained in *Jurado v. Burt*, 337 F.3d 638, 649 (6th Cir. 2003), petitioner had one year from the effective date of the statute, or until April 24, 1997, to file a timely habeas corpus petition in this Court.  He did not do so, and this case would therefore be time-barred unless some other reason exists to excuse petitioner's compliance with the applicable statute of limitations.

As an effort to avoid the effect of the statute of limitations, petitioner claims that he is not pursuing relief under 28 U.S.C. §2254 but that he is proceeding under the All Writs Act, 28 U.S.C. §1651.  However, it is clear that if the Court were to grant him any relief, including a declaration that the judgment of the state court under which he is being held is a nullity, the effect of that decision would be to release him from state custody.  Consequently, his remedy in federal court is appropriately and only a writ of habeas corpus.

The Court reaches this conclusion because a state prisoner seeking release may proceed only under §2254 because it covers the specific situation of a person in state custody asking a federal court for relief.  The All Writs Act is available only in those situations where no other federal statute covers the situation at hand.  *See Pennsylvania Bureau of Correction v. United States Marshals Serv.*, 474 U.S. 34, 43 (1985) .  As the court observed in *Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir. 2000), a case which, like this one, involved a claim which would be time-barred if presented under §2254,

> [Petitioner] believes that he can avoid §2244(d)(1) by recharacterizing his petition as a request for habeas corpus under 28 U.S.C. §2241 or coram nobis under the All-Writs Act, 28 U.S.C. §1651(a). Not so. Section 2244(d)(1) applies to every "application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." It does not distinguish between applications under §2241 and those under §2254. Anyway, as the Supreme Court observed in *Felker v. Turpin*, 518 U.S. 651, 662, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996), and we reiterated in *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir.2000), every collateral attack by a state prisoner on a final judgment of conviction necessarily depends on §2254. It is not possible to escape its limitations by citing some other statute.

Petitioner appears to claim, however, that he is not restricted to (and perhaps may not even take advantage of) 28 U.S.C. §2254 because the state court proceedings to which he was subjected did not produce a valid judgment. *See* Petitioner's Application, Doc. #1, at 2 ("petitioner is not in custody pursuant to a judgment of a state court" because he was not "lawfully charged according to Ohio law and the U.S. Constitution, but by invalid procedure"). As the Court of Appeals said in *Frazier v. Moore*, 252 Fed. Appx. 1, **4 (6th Cir. October 7, 2007), such an argument is not "convincing." In rejecting a similar argument, the Court of Appeals (affirming a decision from this Court, *see Frazier v. Moore*, 2006 WL 3146436 (S.D. Ohio Oct 31, 2006)), held that "[t]he fact that the state court judgment may have been procured in violation of state or federal law does not, however, render the judgment null under §2244(d)." *Id*. at **5. Rather,

> In order to constitute a "judgment" under §§2244(d) and 2254, a state court judgment need not be unassailable, or even prima facie correct. If a judgment that was procured by a procedure that violated federal constitutional rights were sufficient to render a petitioner not in custody "pursuant to the judgment of a state court" for the purpose of §§2244(d) and 2254, then the habeas regime embodied in these provisions would be substantially undermined.

*Id*. Thus, it does not matter, for purposes of determining if the statute of limitations has

-4-

run, that petitioner claims to be in custody pursuant to a defective, void, or illegal judgment rendered by a state court. The fact remains that this claim had to be brought within one year of the date on which the judgment became final and non-appealable, or, as in this case, within one year of the effective date of 28 U.S.C. §2244(d)(1).

As noted, the Court's research has also revealed that petitioner sought to challenge the state court judgment, apparently on similar grounds, through an action for a writ of prohibition which he filed in 2004. That action was ultimately dismissed by the Ohio Supreme Court on December 7, 2005, and petitioner did not seek any relief in federal court within one year of that date. Even if he had, the prohibition action was not filed within a year of April 24, 1996, so that it could not have had any impact on the running of the statute of limitations, which expired on April 24, 1997, well before petitioner sought any relief in the state court. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). Thus, there does not appear to be any reason not to apply the statute of limitations found in §2244(d)(1) to petitioner's application, or to find that his application was timely filed.

### III.

For all of these reasons, the Court concludes that this action is time-barred. It is therefore recommended that the petition be dismissed on grounds that it was not filed within the time permitted by 28 U.S.C. §2244(d)(1).

### PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985);*United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp
United States Magistrate Judge