**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**Kent C. Foster,**

    **Petitioner,**

v.                                                                  Case No. 2:11–cv–133

**Warden, Chillicothe**                               **Judge Michael H. Watson**
**Correctional Institution,**                        **Magistrate Judge Kemp**

    **Respondent.**

## OPINION AND ORDER

On February 14, 2011, the Court received an "Application for an Alternative Writ for a Rule Nisi for a Lawful Determination of Petitioner's Legal Status" from Kent C. Foster. According to the petition, Mr. Foster resides at the Chillicothe Correctional Institution. However, he claims that he is not a "state prisoner." In his petition, he asks this Court to determine the lawfulness of his continued detention.

In a Report and Recommendation filed on February 17, 2011, the Magistrate Judge treated Mr. Foster's application as a petition for a writ of habeas corpus filed under 28 U.S.C. §2254. The Magistrate Judge then applied Rule 4 of the Rules Governing Section 2254 Actions in the United States District Courts, which requires an initial screening of a habeas corpus petition prior to the issuance of a show cause order. Because Mr. Foster's state court conviction became final more than one year before he filed his petition, the Magistrate Judge concluded, based on the statute of limitations found in 28 U.S.C. §2244(d)(1), that this action is time-barred, and recommended dismissal of the case on that ground.

Mr. Foster has now filed an objection to that recommendation. In his objection, he does not disagree that the statute of limitations for habeas corpus actions expires one year

after a state conviction becomes final, nor does he dispute any of the information contained in the Report and Recommendation about when he was convicted (1991) or when his appeal of that conviction was denied (1994). However, he raises a number of objections to the Magistrate Judge's treatment of the case as a habeas corpus petition and to the naming of either the warden or the institution as parties. For the following reasons, and after reviewing the objections *de novo*, the Court will adopt the Report and Recommendation and dismiss this case.

## I. BACKGROUND

Because Petitioner has not objected to the accuracy of the Report and Recommendation's recapitulation of the history of the state criminal proceedings, and because the public records bear out the history recited, the Court adopts that history as the background of this case.

In Case No. 91-CR-073 (Belmont County), Mr. Foster was indicted on multiple counts of criminal conduct. He was subsequently convicted of two counts of rape, one count of gross sexual imposition, and one count of felonious sexual penetration, and sentenced to an indefinite term of imprisonment of ten to twenty-five years on each of the rape counts and the count of felonious sexual penetration. He received a definite sentence of two years on the gross sexual imposition charge. All of the sentences were run consecutively. He appealed his conviction to the state court of appeals, and that court affirmed the conviction. *See State v. Foster*, 1994 WL 149881 (Belmont Co. App. April 12, 1994). Other than a 2004 petition filed in the state court of appeals, which was dismissed on procedural grounds, Mr. Foster has made no other challenges to his conviction. If the action which Mr. Foster has filed in this Court is a habeas corpus petition brought pursuant to 28 U.S.C. § 2254, it would be time-barred because the last day on which Mr. Foster could timely have filed such an

action was April 24, 1997, one year after the effective date of the Anti-Terrorism and Effective Death Penalty Act, which contains the one-year statute of limitations applicable to § 2254 petitions codified at 28 U.S.C. § 2244(d)(1). See *Jurado v. Burt*, 337 F.3d 638, 649 (6th Cir. 2003).

## II. DISCUSSION

In arguing against the application of § 2244(d)(1), Mr. Foster contends that he is not a state prisoner and that he is not seeking relief under 28 U.S.C. §2254. He apparently claims that he is not under a conviction and sentence imposed by a "state court" because "[t]he Belmont County Courts are not state courts by state law." Objection, ECF No. 5, at 2. He asserts that whether the Belmont County courts are state courts is an issue of state law, and he cites to Ohio Rev. Code § 2931.02 and § 7.01, as well as an 1889 decision from the South Carolina Supreme Court, *Moore v. Barry*, 30 S.C. 530, 9. S.E. 589 (1889), in support of his claim that they are not.

*Moore v. Barry* was an action brought by a contracting firm which had been hired by a board of county commissioners to drain swamp land, but, after completing the work satisfactorily, had not been paid. The court's holding was that the contract claim was not a claim which was required to be made in a "special proceeding" and that the common pleas court was open to the plaintiff to pursue its claim. It is difficult to see how that decision is at all relevant to the argument Mr. Foster is advancing in this case.

The two Ohio statutes cited by Mr. Foster are equally puzzling. Ohio Rev. Code § 7.01 reads in full: "Process shall be under the seal of the court from which it issues, shall be styled 'The State of Ohio, _____ County,' shall be signed by the clerk of such court, and shall bear the date of the day it actually is issued." However, Mr. Foster does not appear to be raising any issue concerning the issuance of form of process. Ohio Revised Code

§ 2931.02 is somewhat more pertinent; it defines the jurisdiction of a county court judge, which is limited, in criminal cases, to certain types of crimes. Presumably, any crime not appearing in that section must be tried in some other court, such as a common pleas court. However, Mr. Foster was tried in the Belmont County Court of Common Pleas. *See State v. Foster*, 1994 WL 149881 (Belmont Co. App. April 12, 1994). And, contrary to Mr. Foster's argument, in Ohio, common pleas courts are state, not county, courts, and this Court has so held. *See Tanner v. Muskingum County Court of Common Pleas*, 2008 WL 114359 (S.D. Ohio Jan. 9, 2008), *citing, inter alia, Mumford v. Babinski* 105 F.3d 264 (6th Cir. 1997). Thus, there is simply no substance to Mr. Foster's argument that he is not a "state prisoner" and that his effort to obtain federal court review of the lawfulness of his conviction and sentence is not an action brought under 28 U.S.C. § 2254.

Given this conclusion, the proper analysis of the case is the one which appears in the Report and Recommendation. As stated there,

> a state prisoner seeking release may proceed only under §2254 because it covers the specific situation of a person in state custody asking a federal court for relief. The All Writs Act is available only in those situations where no other federal statute covers the situation at hand. *See Pennsylvania Bureau of Correction v. United States Marshals Serv.*, 474 U.S. 34, 43 (1985). As the court observed in *Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir. 2000), a case which, like this one, involved a claim which would be time-barred if presented under §2254,
>
>> [Petitioner] believes that he can avoid §2244(d)(1) by recharacterizing his petition as a request for habeas corpus under 28 U.S.C. §2241 or coram nobis under the All-Writs Act, 28 U.S.C. §1651(a). Not so. Section 2244(d)(1) applies to every "application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." It does not distinguish between applications under §2241 and those under §2254. Anyway, as the Supreme Court observed in *Felker v. Turpin*, 518 U.S. 651, 662, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996), and we reiterated in *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000), every collateral attack by a state prisoner on a final judgment of conviction necessarily depends on § 2254.

>It is not possible to escape its limitations by citing some other statute.

Report and Recommendation, ECF No. 3, at 3–4. The Court further agrees that, no matter what the basis is for Mr. Foster's challenge to his state court conviction—even if he claims the court proceeded in the absence of jurisdiction and did not enter a valid judgment—this type of claim may only be raised in a federal court by way of a § 2254 petition. *See Frazier v. Moore*, 2006 WL 3146436 (S.D. Ohio Oct. 31, 2006), *aff'd* 252 F. App'x 1 (6th Cir. Oct. 7, 2007) .

## III. DISPOSITION

For all of these reasons, the Court concludes that Mr. Foster, despite his arguments to the contrary, is a "state prisoner" and may seek relief from his state conviction and sentence only under 28 U.S.C. § 2254. Under the statute of limitations applicable to such actions, his petition was not timely filed. Consequently, his objections (ECF No. 5) to the Report and Recommendation (ECF No. 3) are **OVERRULED** and the Report and Recommendation is **ADOPTED AND AFFIRMED**. This case is **DISMISSED** on grounds that it was not filed within the time permitted by 28 U.S.C. § 2244(d)(1).

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**